IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL L. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> BRENDAN SHEAHAN; DANIEL NEWMAN; MITCHELL MOBLEY; OFFICER WILLIAM DANIELS; MAXS YOUNGBLOOD; SHERIFF JOHN WILCHER; and SAMUEL MCRAE YOUNGBLOOD, <br><br> Defendants. | CIVIL ACTION NO.: 4:19-cv-237 |

**O R D E R**

Plaintiff submitted a Second Amended Complaint pursuant to 42 U.S.C. § 1983 regarding his arrest and pretrial detainment on November 22, 2018. (Doc. 20.) For the reasons which follow, the Court **DISMISSES** Plaintiff's Second Amended Complaint for failure to state a claim and directs the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. Additionally, the Court **DENIES** Plaintiff leave to appeal *in forma pauperis*.

BACKGROUND

In his Second Amended Complaint, Plaintiff contends that the named Defendants violated his constitutional rights when they detained him during and following a traffic stop and arrest on November 22, 2018.[1] (Id. at pp. 13—16.) While Plaintiff's levies a number of

---

[1] Under black letter federal law, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power. Co., 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted). This means that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation omitted); see also Hoefling v. City of Miami,

conclusory allegations, his claims boil down to the following: (1) the officers that stopped his vehicle and arrested him on the date of the traffic stop violated his rights under the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure; and (2) the defendants violated his Fourth Amendment rights as well as his rights to due process by detaining him for weeks following that traffic stop without holding a hearing within seventy-two hours as required by laws of the State of Georgia. (Id.)

The Court takes notice of the fact that the search, arrest, and detention Plaintiff complains of in this case are attendant to his prosecution in this Court for possession of a firearm by a prohibited person.[2] Superseding Indictment, United States v. Williams, 4-19-cr-89 (S.D. Ga. Feb. 6, 2020) ECF No. 74. In that case, following a jury trial, Plaintiff was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Jury Verdict, United States v. Williams, 4-19-cr-89 (S.D. Ga. March 6, 2020) ECF No. 136. The Court sentenced him to 110 months' imprisonment. Judgment, United States v. Williams, 4-19-cr-89 (S.D. Ga. Sep. 10, 2020) ECF No. 177. The Untied States Court of Appeals for the Eleventh Circuit dismissed Plaintiff's appeal in his criminal case for want of prosecution. Mandate, United States v. Williams, 4-19-cr-89 (S.D. Ga. May 4, 2021) ECF No. 206.

---

811 F.3d 1271, 1277 (11th Cir. 2016) (initial pleading "bec[o]me[s] a legal nullity"). To be sure, an original complaint would still have legal effect if "the amendment specifically refers to or adopts the earlier pleading." Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citation omitted). The Court has reviewed Plaintiff's Second Amended Complaint and found no reference to, or adoption of, any allegations set forth in his prior pleadings. As such, Plaintiff's Second Amended Complaint is the sole operative pleading in this case. Moreover, even if Plaintiff had incorporated his prior pleadings, the claims therein would be dismissed for the same reasons stated in this Order.

[2] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that

3

standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.     THE COURT DISMISSES PLAINTIFF'S COMPLAINT PURSUANT TO HECK V. HUMPHREY.**

Plaintiff's Complaint centers on his arrest and detention in the Appling County Detention Center. Plaintiff subsequently filed a Notice of Change of Address, and it appears that he is no longer being detained. (Doc. 5.) Although the Notice mentions an "Indictment for the Charge of

4

Burglary 1st Degree for entering my (Property)," Plaintiff does not give the Court any information regarding the status of that indictment and whether it is still pending. (Id.) There is no indication that Plaintiff has been convicted, much less whether that conviction has been reversed, expunged, invalidated, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise overturned. (Doc. 1.) Consequently, this Court is precluded from reviewing his claims by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding be terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487. Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief as well as money damages. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011) *report and recommendation adopted by* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09-cv-324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) ("Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement."); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in

federal court is the precise situation that Heck seeks to preclude" when plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013) *report and recommendation adopted by* No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by* No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiff has not shown favorable termination of his underlying criminal proceedings. In fact, Plaintiff does not even acknowledge that he has been convicted and sentenced. However, as set forth above, the Court's own records reveal that his claims in this case are based on the search, arrest, and detention that gave rise to his conviction in this Court for possessing a firearm as a convicted felon. Given that his appeal in that case has been dismissed, that case obviously was not terminated in his favor. Accordingly, the Heck decision unquestionably precludes Plaintiff's claims. Cole v. Rich, 626 F. App'x 220, 223 (11th Cir. 2015) ("[plaintiff] continues to claim he did not have a timely initial appearance hearing . . . regarding the criminal charge against him. Because [plaintiff] has now pled guilty to that charge, any such claim would be waived by his guilty plea or, if not waived, must be raised on direct appeal in the criminal case. Further, to the extent that [plaintiff] would seek damages in an amended complaint for such an alleged violation, his claim is Heck-barred.") (citing Heck, 512 U.S. at 486–87).[3]

Even if Plaintiff is not challenging his conviction, he is at least challenging his post-arrest confinement. However, Heck is not only limited to claims challenging the validity of criminal

---

[3] Plaintiff's federal conviction and imprisonment in the custody of the United States Bureau of Prisons also renders moot all claims for injunctive relief.

7

convictions. It also applies to detentions absent convictions. See Cohen v. Clemens, 321 F. App'x 739, 741 (10th Cir. 2009) (In the immigration context, "Heck bar[red the plaintiff's] claims for damages because success on those claims would necessarily imply the invalidity of [his] detention."); Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck to a Section 1983 claim challenging procedures used to deprive a prison inmate of good time credits); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying Heck to a Section 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); Hamilton v. Lyons, 74 F.3d 99, 102–03 (5th Cir. 1996) (applying Heck to a Section 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges).

For these reasons, Plaintiff fails to state a claim upon which relief can be granted, and the Court **DISMISSES** Plaintiff's claims in their entirety.

## II.   THE COURT DENIES PLAINTIFF LEAVE TO APPEAL *IN FORMA PAUPERIS*.

The Court also denies Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it is appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

---

[4] A certificate of appealability is not required in this Section 1983 action.

8

theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Complaint and **DENIES** Plaintiff leave to appeal *in forma pauperis*.  The Court **DIRECTS** the Clerk of Court to **CLOSE** this action and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 31st day of May, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA